## HAVERON v. BANTIVOGLIO.

(District Court, E. D. Pennsylvania. June 7, 1926.)

No. 11204.

1. **Courts ⬅⮕322(5)—Amendment of statement of claim after verdict to show diversity of citizenship may properly be allowed (Judicial Code, § 274c [Comp. St. § 1251c]).**

Under Act March 3, 1915, amending Judicial Code by adding section 274c (Comp. St. § 1251c), amendment of statement of claim after verdict to show diversity of citizenship may properly be allowed.

2. **Courts ⬅⮕280—Defendant, after amendment of statement of claim was allowed after verdict to show diversity of citizenship, is entitled to raise issue thereof, and verdict must be set aside, if issue is raised.**

On allowing amendment of statement of claim after verdict to show diversity of citizenship, defendant is entitled to opportunity to raise issue thereof, and verdict if such issue is raised, must be set aside.

3. **Courts ⬅⮕280—Although ordinarily questions of jurisdiction are for court, where jurisdiction depends on existence of facts, jury may, under court's direction, affirm, through general verdict, that there is or is not jurisdiction.**

Although ordinarily questions of jurisdiction are for the court as matters of law, where jurisdiction depends on existence of facts, jury may, under direction of court, affirm through medium of general verdict that there is or is not jurisdiction.

At Law. Action by Mary A. Haveron against N. Bantivoglio Sons. Verdict for plaintiff. On rule to amend statement of claim. Rule made absolute, with directions.

Robert M. Bernstein, of Philadelphia, Pa., for plaintiff.

Ralph B. Evans, of Philadelphia, Pa., for defendant.

Before THOMPSON and DICKINSON, District Judges.

THOMPSON, District Judge. This is a suit brought by Mary A. Haveron, widow of James Haveron, to recover damages for the death of her husband through the alleged negligence of the defendants' employee, the chauffeur of an automobile truck, in running down and killing the deceased on March 5, 1924. There was a trial by jury, and a verdict in favor of the plaintiff for the sum of $7,500. The defendants moved for a new trial, and at the argument raised the question of the jurisdiction of the court, through the lack of averment of diversity of citizen-

ship of the parties. Upon the application of the plaintiff, the court allowed a rule upon the defendants to show cause why the statement of claim should not be amended, by adding averments that the plaintiff is a citizen of Pennsylvania, residing in Philadelphia, and the defendants, trading as N. Bantivoglio Sons, are citizens of New Jersey, and do business as a copartnership in the city of Camden.

[1] There is no doubt that the rule should be made absolute and the amendment allowed. See Act March 3, 1915, Federal Statutes Annotated (2d Ed.) p. 1061, amending the Judicial Code by adding section 274c (Comp. St. § 1251c). Under this section, an amendment is given the same effect as though the diversity of citizenship had been fully and correctly pleaded at the inception of the suit, which was the effect of such amendment prior to the act of 1915. Bison State Bank v. Billington, 228 F. 116, 142 C. C. A. 522.

[2, 3] The real question is whether the amendment requires the court to set aside the verdict and order a new trial, because the jurisdictional fact of citizenship, appearing of record through the amendment, is neither admitted nor denied. If admitted, no new issue of fact is raised upon which it is necessary to have the facts determined. If denied, it raises an issue of fact, which the defendant is entitled to have passed upon by a jury, and the verdict, if such issue is raised, must be set aside. We think the correct rule, where a question of jurisdiction is raised, is stated in the case of United States v. Sanders, 27 Fed. Cas. 950, No. 16,220, as follows:

"Questions of jurisdiction ordinarily belong to and are decided exclusively by the court as pure matters of law; but here it is necessary that certain facts should be passed upon by the jury before that question can properly arise. Where the jurisdiction, however, depends upon the existence of facts, the jury may, under the direction of the court as to matter of law, affirm, through the medium of a general verdict, that there is or is not jurisdiction."

In order that the defendants may have an opportunity to raise the issue of diversity of citizenship, they may do so by affidavit of defense, if they are so advised.

It is therefore ordered that the plaintiff's rule to amend be made absolute; the defendants to have leave within 15 days to file an affidavit of defense to the amending paragraphs of the statement of claim.